## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:20-cv-80705-RKA

APAVILLE LLC, WILTON NARROWS
LLC, BRIDGETOWN LLC, PAVEL
LABUSOV and ALINA LABUSOVA,

       Plaintiffs,

       vs.

FIRST CITIZENS BANK, LEGACY BANK OF
FLORIDA, TD BANK, NATIONAL
ASSOCIATION, OAKES CAPITAL LLC,
FLETCHER CAPITAL MANAGEMENT
LLC, WILLIAM DONALD REDFERN,
JOANNE GALY, ROBERT ASADULLIN,
ANDREY Y. STRIGIN and SIMON
KIZHNER,

       Defendants.

_____/

**PLAINTIFF'S AMENDED[1] MOTION FOR ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON DEFENDANTS WILLIAM DONALD REDFERN, ROBERT ASADULLIN AND ANDREY Y. STRIGIN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3) AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiffs, APAVILLE LLC, WILTON NARROWS LLC, BRIDGETOWN LLC, PAVEL LABUSOV and ALINA LABUSOVA, by and through the undersigned counsel, hereby respectfully move this Honorable Court for an Order authorizing alternate service of process on Defendants WILLIAM DONALD REDFERN (hereinafter "REDFERN"), ROBERT ASADULLIN (hereinafter "ASADULLIN"), and ANDREY Y. STRIGIN (hereinafter "STRIGIN") pursuant to Federal Rule of Civil Procedure 4(f)(3), and in support thereof respectfully state as follows:

[1] Amended to change URL of Plaintiffs' Website to apavillelawsuit.com in order to address Defendant First Citizens Bank's objections to the original URL. Content should be migrated to apavillelawsuit.com by the end of the day.

## I.   **INTRODUCTION**

Defendants REDFERN, ASADULLIN, and STRIGIN (hereinafter collectively referred to as "Defendants") engaged in a fraudulent scheme to pilfer the proceeds of fraudulently obtained mortgages acquired without the true owners' consent or authorization. Under the fraudulent scheme, Mr. and Mrs. Labusov (hereinafter, "LABUSOVS") who are the true owners of APAVILLE, LLC, BRIDGETOWN, LLC, DEERK, LLC, MEADOWLAND ESTATE, LLC, and TOWNTRADE, LLC (hereinafter "Companies") were persuaded to give APAVILLE, LLC (which in turn owns the remaining the remaining Companies) to OAKES CAPITAL LLC as collateral for a line of credit pursuant to a Credit Facility Agreement. OAKES CAPITAL was not allowed to encumber any of the properties. Unbeknownst to the LABUSOVS, and without their permission, OAKES CAPITAL LLC began using the properties as their own and secured a number of loans and mortgages from banks leveraging the properties.

Defendants are the principals and agents of OAKES CAPITAL and FLETCHER CAPITAL MANAGEMENT LLC who carried out the fraudulent scheme and who absconded with both the mortgage proceeds and payments that paid off the credit line. Defendants are concealing their whereabouts outside of the United States.

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiffs request an order authorizing service of process on Defendants via electronic mail ("e-mail") and via website posting with additional copies served on Defendants on any and all known Whatsapp accounts, local Florida P.O. Boxes, and local Florida counsel. Attached hereto as Exhibit "A" is a list of known e-mail addresses, Whatsapp accounts, P.O. Boxes and local counsel.

E-mail and posting on a designated website are appropriate and necessary in this case, because Defendants (1) operate via the Internet; and (2) rely on electronic communications to

operate their businesses and carry out their fraudulent scheme. As such, Plaintiffs have the ability to contact Defendants directly and provide notice of Plaintiffs' claims against them electronically via e-mail to Defendants' known e-mail addresses. Additionally, Plaintiffs have created a website where it will be posting copies of the Complaint and all other documents filed in this action. To ensure Defendants' knowledge of the instant lawsuit, in a redundant abundance of caution, additional copies can be served on any and all known Whatsapp accounts, local Florida P.O. Boxes, and local Florida counsel (hereinafter, "Supplementary Service Methods"). Plaintiffs respectfully submit that an Order allowing service of process and service of all filings via e-mail, by posting on a designated website and by the Supplementary Service Methods will benefit all parties and the Court by ensuring Defendants receive immediate notice of the pendency of this action and shall allow this action to move forward expeditiously. Absent the ability to serve Defendants by the afore-mentioned methods, Plaintiffs will almost certainly be left without the ability to pursue a remedy.

## II.     STATEMENT OF FACTS

### A.  Defendants Have Valid Means of Electronic Contact.

Defendants carry on their business and fraudulent schemes through the internet, and use e-mail as a means of communication. Specifically, Defendants are able to receive notice of this action electronically via e-mail to Defendants' e-mail addresses. As a practical matter, it is necessary for individuals who operate entirely online, such as Defendants, to provide accurate means by which they may be contacted so as to carry on their businesses and fraudulent schemes. Additionally, Plaintiff has created a serving notice website that will be appearing at the URL apavillelawsuit.com ("Plaintiffs' Website"), such that anyone accessing Plaintiffs' Website will find copies of all documents filed in this action.

Each Defendant will be provided with notice of this action electronically via e-mail by attaching the documents to be served, as well as providing the address to Plaintiffs' designated serving notice website to the e-mail addresses. In this manner, Defendants will receive a web address at which they can access all electronic filings to view, print, or download any document filed in the case similar to the court's CM/ECF procedures.

Furthermore, Plaintiffs will be able to provide each Defendant notice of this action via public announcement on Plaintiffs' designated website. Plaintiffs have created its Website that will be appearing at the URL apavillelawsuit.com, whereon copies of the Complaint, and all other pleadings, orders, and documents on file will be posted, such that anyone accessing Plaintiffs' Website will find copies of all documents filed in this action. The address for Plaintiffs' Website will be provided to Defendants via their known e-mail accounts, and will be included as part of service of process in this matter.

Additionally, the Supplementary Service Methods are also valid and reliable methods of electronic contact to ensure Defendants' knowledge of the instant lawsuit. Unless disabled, Whatsapp shows a user's last login. Therefore, it is established that Defendant REDFERN is active on his Whatsapp account and may be contacted in such manner. Defendants REDFERN and STRIGIN also use local Florida P.O. Boxes in furtherance of their business and fraudulent schemes. Attached hereto as Exhibit "B" is a Sunbiz print-out evidencing Defendant REDFERN's use of the P.O. Box at 7750 Okeechobee Blvd., #4571, West Palm Beach, FL 33411 supporting that such P.O. Box is a valid means of communicating with Defendant REDFERN. Attached hereto as Exhibit "C" is an Articles of Amendment evidencing Defendant STRIGIN's use of the P.O. Box at 170 NE 2ND Street, #294083, Boca Raton, FL 33429 supporting that such P.O. Box is a valid means of communicating with Defendant STRIGIN. In

addition to the foregoing, Defendant REDFERN also has local Florida counsel representing him in a matter against the Internal Revenue Service before the Honorable Judge Moore. Attached hereto as Exhibit "D" is a copy of the docket demonstrating that David Stuart Seltzer, Esq., is local counsel of record for Defendant REDFERN in a matter pending before a Court in this District. Clearly, serving a copy of the documents upon Defendant's local counsel would ensure that Defendant has knowledge of the pending lawsuit.

### B.  Defendants Rely on Electronic Communications.

Defendants have structured their business and fraudulent scheme so that victims who believe that Defendants are operating a lawful financial company communicate with Defendants by electronic mail. Defendants also use such electronic means to communicate with the banks from which they obtain the fraudulent mortgages, and with their co-conspirators. Defendants not only use electronic means to communicate, but also to transmit documents for review, to sign, executed documents, as well as other information in furtherance of their fraudulent scheme. Clearly, Defendants rely on electronic means as a reliable form of contact.

### III.    ARGUMENT

Federal Rule of Civil Procedure 4(f)(3), allows a district court to authorize an alternate method for service to be effected upon a foreign defendant, provided that it is not prohibited by international agreement and is reasonably calculated to give notice to the defendant. In the present matter, alternate service of process by e-mail and by posting on Plaintiff's Website are appropriate given that Defendants have established extensive businesses which rely on electronic communication for their operation. Accordingly, this Court should permit service on Defendants by e-mail and website posting.

### A. The Court May Authorize Service via E-mail and Website Posting Pursuant to Federal Rule of Civil Procedure 4(f)(3).

Federal Rule of Civil Procedure 4(f)(3) allows alternative methods for service of process, so long as those methods are not prohibited by international agreement and are directed by the Court. *See Prewitt Enters., Inc. v. The Org. of Petrol. Exporting Countries*, 353 F.3d 916, 923 (11th Cir. 2003). See also *Brookshire Bros., Ltd. v. Chiquita Brands Int'l*, Case No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). In fact, "as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Chanel, Inc. v. Zhixian*, 2010 WL 1740695, at *2 (quoting *Rio Props., Inc.*, 284 F.3d at 1014 and citing *Mayoral–Amy v. BHI Corp.*, 180 F.R.D. 456, 459 n.4 (S.D. Fla. 1998)).

The plain language of Rule 4(f)(3) reflects that the decision to issue an order allowing an alternate means of service lies within the sole discretion of the District Court. *Prewitt Enters., Inc.*, 353 F.3d at 921; *Rio Props., Inc.*, 284 F.3d at 1116. *See, e.g., Brookshire Bros., Ltd.*, 2007 WL 1577771, at *2 (noting that "district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service"); *In re Int'l Telemedia Assocs.*, 245 B.R. 713, 720 (N.D. Ga. 2000) (noting that Rule 4(f)(3) is designed to allow courts discretion and broad flexibility to tailor the methods of service for a particular case). Rule 4 does not require a party attempt service of process by those methods enumerated under subsections (f)(1) and (f)(2), including by diplomatic channels and letters rogatory, before petitioning the court for alternative relief under subsection 4(f)(3). *Rio Props., Inc.*, 284 F.3d at 1114-15; *see also Brookshire Bros., Ltd.*, 2007 WL 1577771, at *1. In *Brookshire*, the Honorable Judge Marcia G. Cooke allowed substitute service on a party's attorney pursuant to Rule 4(f)(3) holding as follows:

> Rule 4(f)(3) is one of three separately numbered subsections in Rule 4(f) and each subsection is separated from the one previous merely by the simple conjunction 'or.' Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates the primacy, and certainly Rule 4(f)(3) indicates no qualifiers or limitations which indicate its availability only after attempting service of process by other means.

*Brookshire Bros., Ltd.*, 2007 WL 1577771, at *1 (quoting *Rio Props., Inc.*, 284 F.3d at 1015). *Accord TracFone Wireless, Inc. v. Bitton*, 278 F.R.D. 687, 692 (S.D. Fla. Jan. 11, 2012) (noting that, in regards to Rule 4(f)(3), "there is no indication from the plain language of the Rule that the three subsections, separated by the disjunctive "or," are meant to be read as a hierarchy.") Judge Cooke further held, "[t]he invocation of Rule 4(f)(3), therefore, is neither a last resort nor extraordinary relief." *Brookshire Bros., Ltd.*, 2007 WL 1577771, at *2.

Additionally, the Constitution itself does not mandate that service be effectuated in any particular way. Rather, Constitutional due process considerations require only that the method of service selected be "**reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections**." (emphasis added) *Brookshire Bros., Ltd.*, 2007 WL 1577771, at *1 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); see also *TracFone Wireless, Inc.*, 278 F.R.D. at 692; *Rio Props., Inc.*, 284 F.3d at 1016. Accordingly, federal courts have allowed a variety of alternative service methods, including service by e-mail and service by posting on a designated website, where a plaintiff demonstrates the likelihood that the proposed alternative method of service will notify a defendant of the pendency of the action. See, e.g., *Rio Props., Inc.*, 284 F.3d at 1017 (holding, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable"); *In re Int'l Telemedia Assocs.*, 245 B.R. at 721 ("If any methods of communication can be reasonably calculated to provide a defendant

7

with real notice, surely those communication channels utilized and preferred by the defendant himself must be included among them."); *National Association for Stock Car Auto Racing, Inc. v. Does*, 584 F. Supp. 2d 824, 826 (W.D.N.C. 2008) (in "acknowledging the realities of the twenty-first century and the information age, the Court determined that the most appropriate place for publication was [Plaintiff's Website].").

Here, service on Defendants by e-mail and/or by posting on Plaintiffs' Website will satisfy due process by apprising them of the action and giving them the opportunity to answer Plaintiff's claims. Plaintiffs have verified that each Defendant has at least one form of electronic means of contact, demonstrating that this means of contact is not just effective, but the most reliable means of communicating with that Defendant, and consequently, the most reliable means of providing Defendants with notice of this action. Moreover, service by posting on Plaintiffs' Website will be an additional source of reliability as Defendants will be able to see copies of the Complaint and all other documents in this matter electronically via their Internet browser. The suggested methods are the most reliable means of providing Defendants with notice of this action.

E-mail service is appropriate and constitutionally acceptable in a case such as this when the plaintiff has proven that e-mail is the most effective means of providing the defendant notice of the action. *See Rio Props., Inc.*, 284 F.3d at 1017 (concluding "not only that service of process by e-mail was proper—that is, reasonably calculated to apprise [the defendant] of the pendency of the action and afford it an opportunity to respond—but in this case, it was the method of service most likely to reach [the defendant]."). *See also Popular Enters., LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 562 (E.D. Tenn. 2004) ("Under the facts and circumstances presented here, Rule 4(f)(3) clearly authorizes the court to direct service upon defendant by e-mail. The rule is expressly designed to provide courts with broad flexibility in tailoring methods

of service to meet the needs of particularly difficult cases. Such flexibility necessarily includes the utilization of modern communication technologies to effect service when warranted by the facts.") (citation omitted). The *Rio Properties, Inc.* and *Popular Enters., LLC* courts each determined e-mail service to be appropriate in part because, as in this case, the defendants conduct their business online, use e- mail in their business, and encourage parties to contact them via e-mail.

A number of Courts have held that alternate forms of service pursuant to Rule 4(f)(3), such as e-mail service, are appropriate and may be the only means of effecting service of process "when faced with an international e-business scofflaw." *Rio Props., Inc.*, 284 F.3d at 1018; see also *Chanel, Inc. v. Zhixian*, 2010 WL 1740695, at *3 (e-mail service "reasonably calculated to notify Defendants of the pendency of this action and provide him with an opportunity to present objections."); *TracFone Wireless, Inc.*, 278 F.R.D. at 693 (finding that service of process by e-mail was reasonably calculated to apprise the defendants of the action and give it an opportunity to respond); *Popular Enters., LLC*, 225 F.R.D. at 563 (same); *In re Int'l Telemedia Associates*, 245 B.R. at 722 ("A defendant should not be allowed to evade service by confining himself to modern technological methods of communication not specifically mentioned in the Federal Rules. Rule 4(f)(3) appears to be designed to prevent such gamesmanship by a party." (concluding e-mail and facsimile service to be appropriate)); *Chanel, Inc. v. Zhibing*, Case No. 09-cv-02835, 2010 WL 1009981, at *4 (W.D. Tenn. March 17, 2010) (stating that e-mail service has the "greatest likelihood" of reaching e-commerce merchants and noting, "The federal judiciary's own CM/ECF system alerts parties . . . by e-mail messages." Alternate service via e-

mail granted).[2] Plaintiff submits that allowing e-mail service in the present case is appropriate and comports with constitutional notions of due process, particularly given Defendants' decision to conduct their fraudulent scheme using the Internet and utilizing e-mail as a primary means of communication.

Additionally, service of a defendant by posting on a designated website, such as a plaintiff's website, has been deemed an appropriate means of service by website posting. *See National Association for Stock Car Auto Racing*, 584 F. Supp. 2d at 826.[3] A proposed method of website posting need only be "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

[2] See *Chanel, Inc. v. bestaaachanel.com*, Case No. 18-cv-63018-BB (S.D. Fla. Dec. 12, 2018) (Order granting alternative service, *inter alia*, via e-mail); *S.A.S. Jean Cassegrain v. bagsoutlet.us*, Case No. 18-cv-62933-BB (S.D. Fla. Dec. 5, 2018) (same); *Tiffany (NJ) LLC v. discountiffany.com*, Case No. 18-cv-62831-BB (S.D. Fla. Nov. 21, 2018) (same); *adidas AG v. 2017yeezy.com*, Case No. 18-cv-62636-BB (S.D. Fla. Nov. 5, 2018) (same); *Richemont International SA v. montblancpenseshop.co*, Case No. 18-cv-62421-BB (S.D. Fla. Oct. 15, 2018) (same); *Gucci America, Inc. v. 1a-dignass.de*, Case No. 18-cv-60899-BB (S.D. Fla. May 7, 2018) (same); *see also Chanel, Inc. v. bestbuyhandbag.com*, No. 14-cv-62191-RLR, 2014 U.S. Dist. LEXIS 177735 (S.D. Fla. Dec. 29, 2014) (same); *Under Armour, Inc. v. 51nfljersey.com*, No. 13–cv-62809-RSR, 2014 U.S. Dist. LEXIS 20439 (S.D. Fla. Feb. 19, 2014) (same).

[3] *See Chanel, Inc. v. bestaaachanel.com*, Case No. 18-cv-63018-BB (S.D. Fla. Dec. 12, 2018) (Order granting alternative service via e-mail and by posting on plaintiff's designated website); *S.A.S. Jean Cassegrain v. bagsoutlet.us*, Case No. 18-cv-62933-BB (S.D. Fla. Dec. 5, 2018) (same); *Tiffany (NJ) LLC v. discountiffany.com*, Case No. 18-cv-62831-BB (S.D. Fla. Nov. 21, 2018) (same); *adidas AG v. 2017yeezy.com*, Case No. 18-cv-62636-BB (S.D. Fla. Nov. 5, 2018) (same); *Richemont International SA v. montblancpenseshop.co*, Case No. 18-cv-62421-BB (S.D. Fla. Oct. 15, 2018) (same); *Audemars Piguet Holding SA v. 1forclock.ru,* Case No. 18-cv-60351-BB (S.D. Fla. Feb. 22, 2018) (same); *Chanel, Inc. v. icheapgrandtrade.ru*, Case No. 17-cv- 61179-BB (S.D. Fla. June 15, 2017) (same); *see also Chanel, Inc. v. bestbuyhandbag.com*, No. 14-cv-62191-RLR, 2014 U.S. Dist. LEXIS 177735 (S.D. Fla. Dec. 29, 2014) (same); *Under Armour, Inc. v. 51nfljersey.com*, No. 13–cv-62809-RSR, 2014 U.S. Dist. LEXIS 20439 (S.D. Fla. Feb. 19, 2014) (same). *See also Chanel, Inc. v. 2creplicachanel.com*, Case No. 19-cv-60153-WPD (S.D. Fla. Jan. 18, 2019) (same); *Chanel, Inc. v. chanelpurse.ru*, Case No. 18-cv-62500-PCH (S.D. Fla. Oct. 22, 2018) (same); *Louis Vuitton Malletier, S.A. v. 98lvshop.com*, Case No. 18- cv-62351-JIC (S.D. Fla. Oct. 10, 2018) (same).

*National Association for Stock Car Auto Racing*, 584 F. Supp. 2d at 826 (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315-16, 70 S. Ct. 652, 94 L. Ed. 865 (1950)).

Accordingly, Plaintiffs have created its Website appearing at the URL apavillelawsuit.com, whereon copies of the Complaint, and all other pleadings, orders, and documents on file in this action will be posted. The address for Plaintiffs' Website will be provided to each Defendant via its known e-mail accounts, and will be included as part of service of process in this matter. Posting the Summonses and Complaint on Plaintiffs' Website appearing at the URL apavillelawsuit.com will provide notice to Defendants sufficient to meet the due process requirements for service of process and notice pursuant to Federal Rule of Civil Procedure 4, apprise Defendants of the pendency of the action, and afford Defendants and any other interested parties an opportunity to present their answers and objections.

### B.  Service of Process Via Electronic Means Are Not Prohibited by International Agreement.

Service via e-mail and via posting on a designated website are not prohibited by international agreement. Based upon belief and information, Plaintiffs have good cause to suspect Defendants are all residing in and/or carrying on their fraudulent schemes from the Russian Federation ("Russia"), Republic of Cyprus ("Cyprus"), Czech Republic, or other foreign countries. Russia, Cyprus, Czech Republic and the United States are signatories to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Service Convention"). However, the Hague Service Convention does not preclude the Court from authorizing service of process via e-mail or posting on a designated website.

Alternative means of service, such as e-mail and website posting, are not prohibited by the Hague Service Convention where a signatory nation has not expressly objected to those

11

means. *See Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, Case No. 15-cv-20590-FAM, 2015 U.S. Dist. LEXIS 122000 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention is limited to the forms of service expressly objected to).4 Article 10 to the Hague Service Convention allows service of process through means other than a signatory's Central Authority, such as "postal channels" and "judicial officers," provided the State of destination does not object to those means. See Hague Convention, Art. 10, 20 U.S.T. 361 (1969). Russia and Czech Republic has objected to the alternative means of service outlined in Article 10 of the Convention. (Declarations attached hereto as Exhibit "E") However, that objection is specifically limited to the means of service enumerated in Article 10, and Russia and Czech Republic have not expressly objected to service via e-mail or website posting. Cyprus has not objected. Because the declarations to the Hague Convention filed by Russia, Czech Republic and Cyprus do not object to e-mail and website posting service, "a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article [10]." *Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011); see also *WhosHere, Inc. v. Orun*, Case No. 13-cv-00526-AJT, 2014 U.S. Dist. LEXIS 22084, at *9 (E.D. Va. Feb. 20,

---

4 *See also Chanel, Inc. v. bestaaachanel.com*, Case No. 18-cv-63018-BB (S.D. Fla. Dec. 12, 2018) (authorizing service by e-mail and by posting on plaintiff's designated website, noting an objection to the alternative means of service provided by the Hague Convention "is expressly limited to those means and does not represent an objection to other forms of service, such e-mail or website posting."); *S.A.S. Jean Cassegrain v. bagsoutlet.us*, Case No. 18-cv-62933-BB (S.D. Fla. Dec. 5, 2018) (same); *Tiffany (NJ) LLC v. discountiffany.com*, Case No. 18-cv-62831-BB (S.D. Fla. Nov. 21, 2018) (same); *adidas AG v. 2017yeezy.com*, Case No. 18-cv-62636-BB (S.D. Fla. Nov. 5, 2018) (same); *Richemont International SA v. montblancpenseshop.co*, Case No. 18-cv-62421-BB (S.D. Fla. Oct. 15, 2018) (same); *Chanel, Inc. v. amasek*, Case No. 18-cv- 62304-BB (S.D. Fla. Sept. 28, 2018) (same); *see also Chanel, Inc. v. chanelpurse.ru*, Case No. 18-cv-62500-PCH (S.D. Fla. Oct. 22, 2018) (authorizing service of process on foreign defendants by e-mail and by posting on plaintiff's designated website despite China's and Russia's objection to Article 10); *Chanel, Inc. v. chanel.mcm*, Case No. 18-cv-62477-WPD (S.D. Fla. Oct. 18, 2018) (same); *The North Face Apparel Corp. v. 1501891*, Case No. 18-cv-62046- JEM (S.D. Fla. Sept. 4, 2018) (same).

2014) (authorizing e-mail service, noting objection to means of service listed in Article 10 "is specifically limited to the enumerated means of service in Article 10.").

Moreover, an objection to the alternative means of service provided in Article 10 does not represent a *per se* objection to other forms of service, such e-mail or website posting. *See In re S. African Apartheid Litig.*, 643 F. Supp. 2d 423, 434, 437 (S.D.N.Y. 2009) (requiring express objection to alternative method of service by signatory nation to preclude that particular means of service). Consequently, Russia's and Czech Republic's objection to the means of alternative service provided in Article 10 is no bar to court-directed service and does not prevent this Court from authorizing alternative service of process via e-mail or website posting. *See, e.g., Gurung*, 279 F.R.D. at 220 (approving service of process on foreign defendants via e-mail despite India's objection to Article 10, stating that an "objection to service through postal channels does not amount to an express rejection of service via electronic mail."); *Stat Med. Devices, Inc.*, 2015 U.S. Dist. LEXIS 122000, at *8-9 (permitting service of process on foreign defendants via e-mail and substituted service on domestic counsel despite Poland's objection to Article 10, noting "This Court and many other federal courts have permitted service by electronic mail and determined that an objection to Article 10 of the Hague Convention . . . does not equate to an express objection to service via electronic mail."); *FTC v. PCCare247 Inc.*, Case No. 12-cv-7189-PAE, 2013 U.S. Dist. LEXIS 31969, at *10 (S.D.N.Y. March 7, 2013) (authorizing service of process via email and Facebook, explaining that "Numerous courts have held that service by email does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10."); *WhosHere, Inc.,* 2014 U.S. Dist. LEXIS 22084 (authorizing service of process on foreign defendants via e-mail despite Turkey's objection to Article 10); *Richmond Techs., Inc. v. Aumtech Bus. Solutions*, Case No. 11-CV-

02460-LHK, 2011 U.S. Dist. LEXIS 71269 (N.D. Cal. July 1, 2011) ("[N]umerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies. This is true even in cases involving countries that, like India, have objected to the alternative forms of service permitted under Article 10 of the Hague Convention.").

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Honorable Court grant the present motion and authorize service of the Summonses, Complaint, and all filings and discovery in this matter upon Defendants WILLIAM DONALD REDFERN, ROBERT ASADULLIN, and ANDREY Y. STRIGIN:

(1) via e-mail by attaching the documents to the e-mail, and providing the address to Plaintiffs' designated serving notice website to Defendants via the e-mail addresses as identified on Exhibit "A" hereto;

(2) via website posting by posting a copy of the Complaint, Summonses, and all filings and discovery in this matter on Plaintiffs' designated serving notice website appearing at the URL apavillelawsuit.com; and

(3) additional copies to be served on Defendants on any and all known Whatsapp accounts, local Florida P.O. Boxes, and local Florida counsel as identified on Exhibit "A" hereto.

Dated this July 9, 2020.

Respectfully submitted,

By: *Ronnette Gleizer*
Ronnette Gleizer, Esq.
Florida Bar No. 87417
CIVIL JUSTICE LAW FIRM, P.A.
2875 NE 191 Street
Suite 500
Aventura, Florida 33180
Telephone: (917) 559-8999
Email: rona@civiljusticefirm.com
Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:20-cv-80705-RKA

APAVILLE LLC, WILTON NARROWS
LLC, BRIDGETOWN LLC, PAVEL
LABUSOV and ALINA LABUSOVA,

      Plaintiffs,

      vs.

FIRST CITIZENS BANK, LEGACY BANK OF
FLORIDA, TD BANK, NATIONAL
ASSOCIATION, OAKES CAPITAL LLC,
FLETCHER CAPITAL MANAGEMENT
LLC, WILLIAM DONALD REDFERN,
JOANNE GALY, ROBERT ASADULLIN,
ANDREY Y. STRIGIN and SIMON
KIZHNER,

      Defendants.

_____/

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9h day of July 2020, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, corporations, or pro se parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or via U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *Ronnette Gleizer*
Ronnette Gleizer, Esq.
Florida Bar No. 87417
CIVIL JUSTICE LAW FIRM, P.A.
2875 NE 191 STREET
Suite 500
Aventura, Florida 33180
Telephone: (917) 559-8999
Email: rona@civiljusticefirm.com
Attorney for Plaintiffs

16